# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

BRIAN HART,

    Plaintiff,                                              Case No.  05-2148 D

vs.

INTERNATIONAL PAPER COMPANY,

    Defendant.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date.  To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require

further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this 26th day of May, 2005.

                    s/Bernice Bouie Donald
                    BERNICE B. DONALD
                    UNITED STATES DISTRICT JUDGE